## STROUSE et al. v. LOVE.

*(Common Pleas of New York City and County, General Term.   January 4, 1892.)*

PRINCIPAL AND AGENT—LIABILITY OF AGENT FOR PROPERTY OF PRINCIPAL.

Defendant, representing himself as a book-seller, obtained certain law-books from plaintiffs at wholesale prices, the bill therefor being marked "On sale," and "Special prices.   To be sold to the profession only."   About six months later plaintiffs sent a bill for the books, but got no reply, and thereafter they wrote to defendant either to return the books or pay the price.   *Held* that, even if defendant was plaintiffs' agent, on his failure to return the books or to pay the price they could recover the price from him.

Appeal from first district court.

Action by Lehman K. Strouse and others against Horace W. Love for goods sold and delivered. From a judgment for plaintiffs rendered by the court on a trial without a jury defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Daniel M. Pavey*, for appellant. *H. W. Helfer*, for respondents.

BOOKSTAVER, J. This action was brought to recover the sum of $35, with interest from April 24, 1888, for goods which the plaintiffs claimed they had sold and delivered to the defendant. The answer contains a general denial, and sets up a counter-claim for $8.40 for expressage, insurance, and storage. The principal question was whether certain law-books which had been delivered to the defendant were sold on approbation, or were consigned to the defendant, as agent, to sell. From the evidence it appears that on the 24th of April, 1886, the defendant called on the plaintiffs, and represented himself as a book-seller, and obtained a number of books at wholesale prices. These were sent with a bill marked "On sale," and also marked "Special prices. To be sold to the profession only." This would seem to indicate that the books were originally intended to be sold again, and that the defendant did not purchase them outright at that time; but it appears from the evidence that the plaintiffs, more than six months after the delivery of the books, and in the year 1887, sent the defendant a bill for the books, but did not get any reply, and that thereafter the plaintiffs wrote to him to either send back the books or pay their price. Even if delivered to defendant as agent, the plaintiffs had at any time the right to recall their agency, and to demand the return of their property. If the agent failed to do this, he was liable to his principal for their value, and, not having returned the books or paid the price, we think the justice was right in awarding judgment as he did, and that it should be affirmed, with costs.